UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUYAPA ESCALANTE DIAZ,

                Plaintiff,                                    **COMPLAINT**

    -against-

NORTH SHORE FARMS COMMACK LTD.,            ***Jury Trial Demanded***

                Defendant.
-------------------------------------------------------------X

      Plaintiff, SUYAPA ESCALANTE DIAZ ("Plaintiff"), by and through her counsel, the Law Office of Peter A. Romero, PLLC, as and for her Complaint against the Defendant, NORTH SHORE FARMS COMMACK LTD ("Defendant"), alleges and complains as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action against the Defendant to remedy violations of the Pregnancy Discrimination Act ("PDA", Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e and the New York State Human Rights Law, N.Y. Exec. Law §290, et. seq. (the "Executive Law").

      2.    Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

      3.    This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

      4.    This Court may exercise supplemental jurisdiction over Plaintiff's state law claims as authorized by 28 U.S.C. §1367(a).

5.      Venue is proper within this judicial district pursuant to 28 U.S.C. §1391 because the unlawful practices complained of herein occurred within the Eastern District of New York and because Defendant resides within the Eastern District of New York.

6.      Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), Charge No. 16G-2019-03849.  Plaintiff brings this action within ninety days of the issuance of the Notice of Right to Sue issued by the EEOC.

## THE PARTIES

7.      Plaintiff is an adult female resident of the State of New York.

8.      At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Title VII and a "person" within the meaning of N.Y. Exec. Law §292(1).

9.      Upon information and belief, Defendant is a domestic business corporation with a principal place of business located at 40 Vanderbilt Motor Parkway, Commack, New York 11725.

10.     At all times relevant, Defendant employed at least (15) employees.

11.     Defendant was and is an "employer" within the meaning of Title VII and the Executive Law.

## FACTUAL ALLEGATIONS

12.     Defendant owns and operates a supermarket grocery store.

13.     Plaintiff commenced employment with Defendant in July 2018 as a food packager in its food preparation department.

14.     During her employment with Defendant, Plaintiff performed her job duties in a satisfactory manner.

15.     In or about February 2019, Plaintiff informed her co-workers that she was pregnant.

2

16.     Plaintiff's co-workers informed the deli manager, Marilyn Vanessa Ganoza ("Ganoza"), that Plaintiff was pregnant.

17.     Plaintiff's manager, Moghadam Faramarz ("Faramarz"), was also aware of Plaintiff's pregnancy because Plaintiff's pregnancy was physically visible.

18.     After Plaintiff became visibly pregnant, Faramarz' demeanor toward her changed. Faramarz began to treat Plaintiff in a hostile manner and told Plaintiff's co-workers that he wanted to "get rid of her."  Before learning that Plaintiff was pregnant, Faramarz stated that Plaintiff was one of his best employees.

19.     On June 3, 2019, Farmarz and Ganoza informed Plaintiff that her employment was terminated.

20.     Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of pregnancy.

21.     As a result of Defendant's discrimination, Plaintiff has suffered, and will continue to suffer, loss of income and employment-related benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

22.     Defendant's discharge of Plaintiff demonstrated conscious disregard for Plaintiff's rights and for her vulnerable condition due to her pregnancy.

23.     As a result of Defendant's discriminatory action, Plaintiff suffered substantial emotional harm and distress at a time in which she felt especially vulnerable and anxious due to her pregnancy.

24.     Due to Defendant's discrimination, Plaintiff has suffered the loss of her job and the opportunity to work, the loss of her wages and the loss of benefits that she would be receiving but for Defendant's discriminatory conduct.

## FIRST CLAIM FOR RELIEF
## PREGNANCY DISCRIMINATION TITLE VII AND PDA

25.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

26.     Defendant discriminated against Plaintiff because of her pregnancy in violation of the PDA and Title VII.

27.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

28.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

29.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF
## PREGNANCY DISCRIMINATION N.Y. EXECUTIVE LAW

30.     Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

31.     By the acts and practices described above, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of pregnancy in violation of the Executive Law.

32.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## PUNITIVE DAMAGES

33.     Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

34.     By reason of Defendant's willful, wanton, unrepentant, reckless, and egregious conduct and conscious disregard for Plaintiff's rights, Plaintiff claims punitive damages.

## DEMAND FOR A JURY TRIAL

35.     Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

36.     Plaintiff demands a trial by jury as to all issues in the above matter.

**WHEREFORE**, Plaintiff demands judgment against Defendant and that the Court enter an award in favor of Plaintiff:

(i)     Declaring the acts and practices complained of herein are in violation of the PDA, Title VII and the Executive Law;

(ii)    Reinstatement of Plaintiff to an equivalent position;

(iii)   Damages in the form of back pay with interest;

(iv)    Front pay, in lieu of reinstatement;

(v)     Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(vi)    Punitive damages;

(vii)   Attorneys' fees, costs and disbursements; and

(viii)  Such other and further relief as this Court may deem just and proper.

Dated: Hauppauge, New York
      February 18, 2021

                    LAW OFFICE OF PETER A. ROMERO PLLC

           By:    */s/ Peter A. Romero*

                    _____
                    Peter A. Romero, Esq.
                    825 Veterans Highway Ste B
                    Hauppauge, New York 11788
                    Tel. (631) 257-5588